IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHAWN C. BURGY, et al. ) | |
| ) | |
| v. ) | NO. 3:06-0099 |
| ) | |
| CITY OF MURFREESBORO POLICE, et al. ) | |

TO: Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

By order entered February 7, 2006 (Docket Entry No. 2), the Court referred this action to the Magistrate Judge for a frivolity review under 28 U.S.C. § 1915(e)(2)(B), and for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1)(A) and (B), and to conduct any necessary proceedings under Rule 72(b) of the Federal Rules of Civil Procedure.

The plaintiffs in this action are Shawn Burgy, his mother Darlene Burgy, and his live-in girlfriend Michelle Kline. They are residents of Murfreesboro, Tennessee. They filed this action pro se and in forma pauperis against the City of Murfreesboro, Tennessee, the Murfreesboro Police Department, Police Officer Sam Day, and an unknown police officer. The plaintiffs state that the individual officers are sued in their official capacity and make no mention of any individual capacity claims against the individual officers. See Amended Complaint (Docket Entry No. 3) at ¶ 20.

The plaintiffs allege that, on January 22, 2005, defendant Sam Day and the unknown police officer entered the plaintiffs' apartment without a warrant and conducted an illegal search. Plaintiff Shawn Burgy was charged with a drug offense and alleges that defendant Sam Day perjured himself about the matter during a subsequent court hearing.

Although pro se complaints are to be construed liberally, Haines v. Kerner, 404 U.S. 509 (1972), that liberality does not allow the court to conjure up unpled facts. McFadden v. Lucas, 713

F.2d 143, 147, n.4 (5th Cir. 1983); Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977). After review of the plaintiffs' complaint, the Court finds that the plaintiffs have stated an arguable claim under 42 U.S.C. § 1983 that their constitutional rights were violated. Process should issue to the named defendants on this claim. Process cannot issue, however, to the unnamed police officer until such time as the plaintiffs identify this individual.

The Court finds that all of the other claims asserted by the plaintiffs warrant dismissal as frivolous under 28 U.S.C. § 1915(e)(2). Neitzke v. Williams, 490 U.S. 319 (1989). In their complaint, the plaintiffs list seven other statutes as the basis for their lawsuit. However, there is not a private right of action to bring a civil case under 18 U.S.C. §§ 241 and 242 or under 42 U.S.C. § 14141. Further, the facts alleged by the plaintiffs do not support a claim under 42 U.S.C. §§ 1982, 1985(3), 1986, 1988, and 14141.

## R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully recommends that PROCESS ISSUE to the City of Murfreesboro, the Murfreesboro Police Department, and Sam Day on the plaintiffs' claim under 42 U.S.C. § 1983. The Court RECOMMENDS that all other claims be DISMISSED as frivolous under 28 U.S.C. § 1915(e)(2).

As some of the plaintiffs' claims are frivolous, the Court RECOMMENDS that any appeal taken of this Report and Recommendation, if adopted by the Court, would not be in good faith under Section 1915(a).

Upon the filing of the defendants' answer[s], the Court will enter a scheduling order for the progression of pretrial proceedings in the action.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's

Order regarding the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                Respectfully submitted,

                _____
                JULIET GRIFFIN
                United States Magistrate Judge