IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SHAWN C. BURGY, et al.　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　　　　　　)　　NO. 3:06-0099
　　　　　　　　　　　　　　　　　　　　　　　)
CITY OF MURFREESBORO POLICE, et al　　)


TO: Honorable Aleta A. Trauger, District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

By order entered February 7, 2006 (Docket Entry No. 2), the Court referred this action to the Magistrate Judge for review under 28 U.S.C. § 1915(e)(2)(B), and for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1)(A) and (B), and to conduct any necessary proceedings under Rule 72(b) of the Federal Rules of Civil Procedure.

Presently pending before the Court are the defendants' motion to dismiss (Docket Entry No. 27) and the plaintiffs' motion for summary judgment (Docket Entry No. 32). For the reasons set out below, the Court recommends that the motion to dismiss be granted, the motion for summary judgment be denied, and this action be dismissed.

### I. BACKGROUND

The plaintiffs are Shawn Burgy, his mother Darlene Burgy, and his live-in girlfriend Michelle Kline. They are residents of Murfreesboro, Tennessee. They filed this action pro se and in forma pauperis against the City of Murfreesboro, Tennessee, the Murfreesboro Police Department, Police Officer Sam Day, and an unknown police officer.

The plaintiffs assert that, at approximately 12:30 a.m. on January 22, 2005, the unknown police officer came to the apartment in which they lived about an alleged noise violation. The plaintiffs allege that the officer asked to speak to Shawn Burgy and then entered the apartment and began walking toward a back bedroom despite the protests of Darlene Burgy. The plaintiffs contend that the officer entered the bedroom of Shawn Burgy and asked to see what was in some containers, to which Shawn Burgy replied that he should "get a warrant." See Amended Complaint (Docket Entry No. 3) at 2. The plaintiffs allege that the officer left but returned with defendant Sam Day five minutes later shouting "probable cause" and that both defendants entered the apartment and began to search the residence despite the plaintiffs' protests. Officer Day issued Shawn Burgy a misdemeanor citation for the charge of simple possession of a controlled substance and the two officers left.

Plaintiff Shawn Burgy appeared on February 17, 2005, before the General Sessions Court of Rutherford County, Tennessee, and later entered into an agreed order of retirement for the charge on March 31, 2005. Under the agreement, the charge would be dismissed after one year upon Mr. Burgy's completion of certain conditions. See Attachments to Docket Entry No. 33. The plaintiffs allege that through the court proceedings, Defendant Sam Day perjured himself about having consent to enter and search the apartment.

By order entered March 30, 2006 (Docket Entry No. 7), process was issued to the City of Murfreesboro, the Murfreesboro Police Department, and Sam Day on the plaintiffs' claim under 42 U.S.C. § 1983. All other claims raised by the plaintiffs were dismissed as frivolous under 28 U.S.C. § 1915(e)(2). Process was not issued to the unnamed police officer because he was not identified by the plaintiffs.

The defendants filed an answer (Docket Entry No. 18) to the complaint on May 10, 2006, and a scheduling order (Docket Entry No. 25) was entered to facilitate pre-trial activity in the action. The two pending dispositive motions are the only motions currently pending before the Court.

## II. MOTION TO DISMISS AND RESPONSE

The defendants seek dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. They assert that the plaintiffs' amended complaint (Docket Entry No. 3) fails to state a claim against the Murfreesboro Police Department because it is not an entity which can be sued under 42 U.S.C. § 1983. They further argue that the plaintiffs' official capacity claim against defendant Day is actually a claim against his employer, the City of Murfreesboro, but that the plaintiffs have not alleged facts in their complaint which support a claim of municipal liability against the City of Murfreesboro.

The plaintiffs have filed a response (Docket Entry Nos. 30 and 31) in which they assert that the action would not have been permitted to proceed if the Court did not believe that the case had merit. The plaintiffs argue they have asserted a constitutional claim for an illegal entry and search of their home for which the City of Murfreesboro should be responsible. In support of this argument, they cite to several cases in which Fourth Amendment violations were addressed. The plaintiffs further contend that they have not received responses to discovery requests that were served upon the defendants.

## III. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

In conjunction with their response in opposition to the defendants' motion to dismiss, the plaintiffs filed their own motion for summary judgment. Relying on their own affidavits (Docket Entry Nos. 34-36) and documents attached to their motion, the plaintiffs argue that they did not give consent for the police officers to enter their home and conduct a search and that no warrant was obtained by the officers. Under these facts, they contend that their Fourth Amendment rights were violated when the police officers entered and searched their home without either their consent or a warrant.

In response, the defendants submit the affidavit of Sam Day (Docket Entry No. 41) and Gregory Brown (Docket Entry No. 42) and argue that genuine issues of material fact exist concerning the facts of the case that prevent the granting of summary judgment to the plaintiffs.

### IV. CONCLUSIONS

A. Motion to Dismiss

In evaluating the complaint under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all of the plaintiffs' allegations and resolve all doubts in favor of the plaintiffs. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). The Court should not dismiss the complaint unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of their claims that would entitle them to relief. Id. at 12. A complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).

The Court finds that the defendants' motion to dismiss should be granted. An entity such as a police department, which is merely an administrative arm of a local government, is not subject to suit under Section 1983. Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1997). Accordingly, the plaintiffs fail to state a claim against the Murfreesboro Police Department under 42 U.S.C. § 1983 and this defendant should be dismissed from the action.

With respect to defendant Sam Day, the amended complaint in this action specifically states that the claim against defendant Sam Day is being brought against him in his official capacity as a police officer. See Amended Complaint (Docket Entry No. 3) at 3, ¶ 20.[1] As such, the claim against

---

[1] In their response in opposition to the motion to dismiss, the plaintiffs affirm that their claim against defendant Day is brought against him in his official capacity. See Docket Entry No. 30 at 2. Further, in the Report and Recommendation entered February 27, 2006 (Docket Entry No. 6), the Court specifically noted "The plaintiffs state that the individual officers are sued in their official capacity and make no mention of any individual capacity claims against the individual officers. See

4

defendant Day is essentially a claim against the entity for which he is an agent, the City of Murfreesboro, and not a claim against him individually. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); Matthews, 35 F.3d at 1049.

In order to state a claim against defendant Day in his official capacity and the City of Murfreesboro, the plaintiffs must set out facts which support a claim of municipal liability. This requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by the City of Murfreesboro. Monell v. New York City Department of Social Services, 436 U.S. 658, 690-691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In short, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. Otherwise, a Section 1983 claim will not lie. See City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); Doe v. Claiborne County, Tenn., 103 F.3d 495, 507-09 (6th Cir. 1996). The City of Murfreesboro cannot be held liable under a theory of respondeat superior merely because it is the employer of an alleged wrongdoer. See Berry v. City of Detroit, 25 F.3d 1342, 1345 (6th Cir. 1994).

The plaintiffs have not alleged any facts to suggest that their rights were violated pursuant to a policy or regulation of the City of Murfreesboro. The plaintiffs state in their amended complaint that the City of Murfreesboro is liable "for a failure to properly train." See Amended Complaint at 3. However, this assertion is conclusory and is not supported by any allegations of fact. Although pro se complaints are held to less stringent standards than complaints prepared by an attorney, a complaint cannot rest on bare assertions of legal conclusions or personal opinions. The Court cannot

---

Amended Complaint (Docket Entry No. 3) at ¶ 20." See Docket Entry No. 6 at 1.
  As such, because the plaintiffs have affirmatively pled that defendant Day is sued in his official capacity, the Court is not required to apply the "course of proceedings" test to determine whether an individual capacity claim has been pled. See Moore v. Harriman, 272 F.3d 769, 773 (6th Cir. 2001).

5

conjure up unpled facts to support conclusory allegations. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). The plaintiffs' conclusory allegation of a failure to train is not sufficient to state a claim under Section 1983. Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985); Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971). Consequently, the plaintiffs have failed to state a claim against defendant Day acting in his official capacity and against the City of Murfreesboro directly.

The plaintiffs do not raise any arguments in their response in opposition which require that the motion to dismiss be denied. The plaintiffs' pleadings simply do not state a claim for which relief can be granted against the defendants who are named in the complaint. To the extent that the plaintiffs argue that they have not received responses from the defendants to their discovery requests, such an argument is not relevant to the defendants' argument that the complaint fails to state a claim.[2]

B. Motion for Summary Judgment

The plaintiffs' motion for summary judgment should be denied. Granting the defendants' motion to dismiss resolves all claims which have been pled in the action in favor of the defendants.[3]

### R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully recommends that:

1) the motion to dismiss (Docket Entry No. 27) filed by defendants City of Murfreesboro, Murfreesboro Police Department, and Sam Day be GRANTED and this action be DISMISSED; and

---

[2] The scheduling order (Docket Entry No. 25) specifically provided that all discovery motions should be filed by August 25, 2006. The plaintiffs did not file any type of discovery motion.

[3] In the event that the motion to dismiss is denied, the parties' submissions in support of their respective filings on the issue of summary judgment show the existence of a genuine issue of material fact based on the facts of the case.

2) the motion for summary judgment (Docket Entry No. 32) filed by the plaintiffs be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge